IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:13-CR-89-F

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| KAREEM LAMAR HALEY, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. Defendant called as the only witness at the hearing the police officer the government had planned to call as its witness, a detective with the Fayetteville Police Department assigned to a task force of the Bureau of Alcohol, Tobacco, Firearms and Explosives. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court ALLOWS the government's motion.

## **Background**

Defendant was charged in a three-count indictment on 3 April 2013 with: possession with the intent to distribute a quantity of cocaine base (*i.e.*, crack) in violation of 21 U.S.C. § 841(a)(1) (ct. 1); possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (ct. 2); and using and carrying a firearm during and in relation to the drug trafficking crime charged in count 1 and possession of the firearm in furtherance of that drug crime in violation of 18 U.S.C. § 924(c). The alleged offense date in each count is 25 January 2012. The evidence presented at the hearing showed that the charges arise from a traffic

stop in Fayetteville at which defendant was found to be in possession of crack cocaine and a firearm. He had previously been convicted of a crime punishable by a term of imprisonment exceeding one year. He attempted to flee the investigating officers.

After he was released on the state charges for the foregoing conduct, he was identified by the occupants of a home as the perpetrator of an armed invasion of that home on 29 May 2013, during which he allegedly shot at the male occupant as the occupant fled the scene. Defendant was later arrested by a SWAT team on charges arising from the home invasion. His comments to the arresting officers implied that if they had not acted as rapidly in arresting him as they did, he would have shot them.

## Discussion

Given the nature of the charges, the rebuttable presumption of detention in 18 U.S.C. § 3142(e)(3) applies. Defendant failed to rebut the presumption of detention. In accordance with this presumption, the court finds that there is no condition or combination of conditions that will reasonably assure the appearance of defendant as required and the safety of any other person or the community before trial.

Alternatively, the court finds that the testimony of the one witness at the hearing and the information in the pretrial services report shows by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required or the safety of any other person and the community before trial if defendant is released. In addition to the presumption, which remains a factor in the case even if deemed not fully rebutted, the principal findings and reasons underlying the court's determination that detention is required include the following: evidence showing that the government has a strong case, including the evidence reviewed above; the gun- and drug-related nature of the offenses charged;

the circumstances of the offenses charged, including defendant's attempted flight from investigating officers and defendant's commission of the alleged offenses two months after completing parole for offenses for which he had served over eight years in prison; defendant's criminal record, including six felony convictions for robbery with a dangerous weapon and five misdemeanor convictions; the danger of continued drug and gun offense conduct by defendant if released; and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, such as his lifelong ties to the Fayetteville area. It finds, however, that the factors favoring detention far outweigh such evidence.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 27th day of November 2013.

James E. Gates
United States Magistrate Judge