IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:13-CR-00089-F-1
No. 5:15-CV-00181-F

| | |
|---|---|
| KAREEM LAMAR HALEY, )<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>Respondent. ) | ORDER |

This matter is before the court on the Government's Motion to Dismiss [DE-56] Kareem Lamar Haley's pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-50, -52].[1] The issues have been fully briefed, and the matter is now ripe for ruling. For the reasons set forth below, the Government's Motion to Dismiss is ALLOWED, and Haley's Motion to Vacate is DENIED.

## I. Factual and Procedural Background

On April 3, 2013, Haley was charged in each count of a three-count indictment. *See* Indictment [DE-1]. On December 3, 2013, the Government filed a superseding indictment, charging Haley in each of four counts. *See* Superseding Indictment [DE-22]. In Count One, Haley was charged with possession with intent to distribute a quantity of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1). Counts Two and Four charged Haley with possession of a firearm and ammunition by a felon, in violation of 18 U.S.C. § 922(g)(1). In Count Three, Haley was charged with possession of a firearm in furtherance of a drug trafficking crime, in violation

---

[1] Haley's initial attempt to initiate a claim for relief under 28 U.S.C. § 2255 was a non-conforming document [DE-50], which was filed on April 27, 2015. At the court's direction, Haley filed a "conforming" motion [DE-52] on May 18, 2015.

Case 5:13-cr-00089-F Document 62 Filed 02/29/16 Page 1 of 7

of 18 U.S.C. § 924(c).

At Haley's arraignment, held on March 10, 2014, he pled guilty to Count Four of the Superseding Indictment. It was agreed that the original indictment and Counts One through Three of the Superseding Indictment would be dismissed at sentencing.

Haley's sentencing was set for June 3, 2014, but on that date, the Government made an oral motion to continue on the basis of receipt of certain information from law enforcement.[2] *See* June 3, 2014 Tr. [DE-46] at 3. The court allowed the Government's motion and continued the sentencing to June 30, 2014. *Id.* at 4-5.

On June 30, 2014, Haley's attorney objected to a base offense level and four-level enhancement that was applied under U.S.S.G. § 2K2.1(b)(6)(B). *See* June 30, 2014 Tr. [DE-47] at 2-3. The Government did not oppose the objection. *Id.* at 2. As a result of the successful objection, the advisory guideline range was calculated at 46 to 57 months. *Id.* at 3. The court imposed a sentence of 57 months' imprisonment. *See* Judgment [DE-44]. Haley did not appeal his judgment.

On April 27, 2015, Haley filed the instant *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-50, -52]. In his § 2255 motion, Haley raises the following claims of ineffective assistance of counsel: (1) his attorney failed to inform him that he could withdraw his guilty plea on the basis that the Government had breached the plea agreement; and (2) his attorney failed to object when the Government moved to continue his sentencing. On June 18, 2015, the Government filed a Motion to Dismiss [DE-56], arguing that

---

[2] The information from law enforcement was a ballistics report dated July 30, 2013. Mot. Vacate Mem. [DE-52-1] at 1. According to Haley, the ballistics report revealed that the firearm used in Count Four was used in a shooting incident that took place on May 19, 2013. *Id.*

2

Haley failed to state a claim upon which relief can be granted.

## II. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved which is consistent with the complaint's allegations. *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'shp*, 213 F.3d 175, 180 (4th Cir. 2000). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level" and the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 n.26 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts.*, 213 F.3d at 180.

## III. Discussion

**A. Haley has failed to state a claim of ineffective assistance of counsel in his first and second claims.**

Haley has raised two claims of ineffective assistance of counsel in his § 2255 motion. In

3

order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The petitioner bears the burden of proof as to both prongs of the *Strickland* standard. *United States v. Luck*, 611 F.3d 183, 186 (4th Cir. 2010). Under the first prong, the petitioner must show that his counsel's representation "fell below an objective standard of reasonableness" as measured by "prevailing professional norms." *Strickland*, 466 U.S. at 688. There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. As to the second prong, the petitioner must demonstrate that counsel's inadequate performance was prejudicial to him. *Id.* at 687. Specifically, the petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A "reasonable probability" is defined as "a probability sufficient to undermine confidence in the outcome." *Id.* With the *Strickland* standard in mind, the court will address both of Haley's ineffective assistance of counsel claims in turn.

### 1. Failed to inform him that he could withdraw his guilty plea

In his first claim, Haley alleges that his attorney provided ineffective assistance by failing to inform him that he could withdraw his guilty plea on the basis that the Government had breached the plea agreement. Mot. Vacate Mem. [DE-52-1] at 2-4. Haley contends that if his attorney had informed him he could withdraw his guilty plea, he would have moved to do so rather than exposing himself to a greater sentence. *Id.* at 3-4.

The parties agreed in their plea agreement that U.S.S.G. §§ 2K2.1(b)(6)(B) and 2K2.1(c)(1) were inapplicable to Haley's case. Plea Agreement [DE-32] at 6. At Haley's

4

sentencing hearing, both parties agreed to remove the enhancements related to these two provisions. *See* June 30, 2014 Tr. [DE-47] at 2-3. The court concludes that Haley has failed to show how the Government breached the parties' plea agreement. Consequently, Haley's attorney was not ineffective for failing to tell him that he could withdraw his guilty plea based on a breach.

Haley's argument that the court considered the ballistics report when imposing his sentence must fail. The transcript from Haley's June 30, 2014 sentencing does not suggest that the court considered the ballistics report in imposing Haley's sentence. Rather, the court emphasized Haley's extensive criminal history and noted that he was standing before the court after pleading guilty to possession of a firearm and ammunition by a felon, his seventh felony conviction involving a firearm. *Id.* at 11. The court also noted that Haley had incurred five misdemeanor convictions. *Id.* Further the court pointed out that Haley incurred thirty-three disciplinary infractions while he was incarcerated. *Id.* Opining that Haley had shown no signs of being deterred by his prior sentences, the court concluded that a sentence at the top of the guidelines range was required. *Id.* at 12.

Even assuming that the court factored in the information from the ballistics report into its sentencing determination, the court fails to see how this means that the Government breached its obligations under the plea agreement. Accordingly, Haley's first claim will be dismissed.

## 2. Failed to object when the Government moved to continue

Haley alleges in his second claim that his attorney provided ineffective assistance by failing to object when the Government moved to continue his sentencing hearing. Mot. Vacate Mem. [DE-52-1] at 3-4.

5

This claim is belied by the record. Haley's sentencing was set to take place on June 3, 2014. On that date, the Government moved to continue the sentencing, indicating it had received certain information from law enforcement. *See* June 3, 2014 Tr. [DE-46] at 3. The record reveals that Haley's attorney opposed the motion to continue.[3] *Id.* at 4. After hearing from the Government and Haley's attorney, the court agreed to continue the sentencing to June 30, 2014. Because Haley's second claim is belied by the record, it must be dismissed.

## IV. Conclusion

For the foregoing reasons, the Government's Motion to Dismiss [DE-56] is ALLOWED, and Haley's § 2255 motion [DE-50, -52] is DENIED.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). However, when a court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85.

The court concludes that Haley has not made the requisite showing to support a certificate of appealability. Therefore, a certificate of appealability is DENIED.

---

[3] When asked his position on the Government's oral motion to continue, Haley's attorney responded as follows: "I oppose it. I understand the plight in which Sebastian is in. Forgive me for saying your first name as opposed to your last name. You know, we're ready to go. We have an objection." *See* June 3, 2014 Tr. [DE-46] at 4.

6

SO ORDERED.

This the 29th day of February, 2016.

_____
James C. Fox
Senior United States District Judge