IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:13-CR-00089-F-1
No. 5:16-CV-00657-F

| | | |
|---|---|---|
| KAREEM LAMAR HALEY, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

This matter is before the court on the Government's Motion to Dismiss [DE-70] Kareem Lamar Haley's pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-67]. The issues have been fully briefed, and the matter is now ripe for ruling. For the reasons more fully addressed below, the Government's Motion to Dismiss is ALLOWED and Haley's Motion to Vacate is DISMISSED.

## I. Factual and Procedural Background

On April 3, 2013, Haley was charged in each count of a three-count indictment. *See* Indictment [DE-1]. On December 3, 2013, the Government filed a superseding indictment, charging Haley in each of four counts. *See* Superseding Indictment [DE-22]. In Count One, Haley was charged with possession with intent to distribute a quantity of cocaine base (crack), a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1). Counts Two and Four charged Haley with possession of a firearm and ammunition by a felon, in violation of 18 U.S.C. § 922(g)(1). In Count Three, Haley was charged with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c).

At Haley's arraignment, held on March 10, 2014, he pled guilty to Count Four of the

Superseding Indictment. It was agreed that the Indictment and Counts One through Three of the Superseding Indictment would be dismissed at sentencing.

Haley's sentencing was set for June 3, 2014, but on that date, the Government made an oral motion to continue on the basis of receipt of certain information from law enforcement. *See* June 3, 2014 Tr. [DE-46] at 3. The court allowed the Government's motion and continued the sentencing to June 30, 2014. *Id.* at 4-5.

On June 30, 2014, the court imposed a sentence of 57 months' imprisonment. *See* Judgment [DE-44]. Haley did not file a direct appeal.

Haley previously filed a motion pursuant to 28 U.S.C. § 2255 [DE-50, -52] that was resolved on the merits [DE-62]. On July 6, 2016, Haley filed the instant motion pursuant to 28 U.S.C. § 2255 [DE-67]. Haley's sole claim is that the sentencing enhancement he received violates the Supreme Court's ruling in *Johnson v. United States*, 135 S. Ct. 2551 (2015). Mot. Vacate [DE-67] at 5. On August 16, 2016, the Government filed a Motion to Dismiss [DE-70] pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

## II. Legal Standard

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for the dismissal of an action when the court lacks subject matter jurisdiction. When determining whether jurisdiction exists, the district court may consider evidence outside the pleadings without converting the motion to one for summary judgment. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). The burden of proving subject matter jurisdiction is on the party asserting jurisdiction. *Id.* (citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)).

## III. Discussion

**Haley has failed to satisfy the requirements of 28 U.S.C. § 2255(h).**

As noted, this is not Haley's first § 2255 motion. Therefore, Haley must satisfy the requirements set forth in 28 U.S.C. § 2255(h), which provides as follows:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

The record does not reflect that the Fourth Circuit Court of Appeals has authorized Haley to pursue his second or successive § 2255 motion. Consequently, Haley's § 2255 motion is an unauthorized second or successive § 2255 motion. *See* 28 U.S.C. § 2255(h). Moreover, while not every numerically second case is deemed second or successive, Haley has not alleged facts to show that the instant motion is not successive. *See e.g., United States v. Hairston*, 754 F.3d 258, 262 (4th Cir. 2014) (holding that a numerically second § 2255 motion should not be considered second or successive under § 2255(h) where the facts relied on by the movant did not exist when his first motion was filed and adjudicated); *In re Goddard*, 170 F.3d 435, 438 (4th Cir. 1999) (holding that when a prisoner's first § 2255 motion is granted to reenter judgment and permit a direct appeal, his collateral attack count is reset to zero).

## IV. Conclusion

For the foregoing reasons, the Government's Motion to Dismiss [DE-70] is ALLOWED and Haley's Motion to Vacate [DE-67] is DISMISSED.

3

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2) (A certificate of appealability will not issue unless there has been "a substantial showing of the denial of a constitutional right."); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (Where a court has rejected the constitutional claims on their merits, a petitioner must demonstrate that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong, but when a court denies relief on procedural grounds, the petitioner must demonstrate that jurists of reason would find it debatable whether the court's procedural ruling was correct.).

SO ORDERED.

This the 15 day of September, 2016.

                                *James C. Fox*
                                JAMES C. FOX
                                Senior United States District Judge
4

Case 5:13-cr-00089-F Document 73 Filed 09/15/16 Page 4 of 4